UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| **RICHARD CLARK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-12989-FDS |
| ) | |
| **LUIS SPENCER, Commissioner,** ) | |
| **ALLISON HALLETT, Superintendent,** ) | |
| **and CORNELIA DeLEON,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

Richard Clark is currently in state custody at the Massachusetts Alcohol and Substance Abuse Center ("MASAC") in Bridgewater, Massachusetts. On November 20, 2013, he filed a complaint *pro se* against Commissioner of the Department of Correction Luis S. Spencer, Superintendent of MASAC Allison Hallett, and case worker Cornelia DeLeon, challenging his medical treatment and prison classification.

Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the motions will be granted and plaintiff will be ordered to show cause why this matter should not be dismissed.

**I.    Background**

Richard Clark is incarcerated at MASAC. According to the complaint, MASAC does not

provide Clark with adequate medical treatment for his infection with HIV/AIDS. Clark has requested transfer to Hampshire County Jail and House of Correction, which allegedly would better treat his illness; the transfer was denied due to a lack of beds. According to the complaint, DeLeon prevented his placement at Hampshire.

The complaint alleges that federal and state funds have been allocated for use for medical care for inmates suffering from HIV/AIDS infection, but that those funds have been misappropriated and are not being used for that purpose.

In 2013, Clark challenged his security classification. According to the complaint, he has had no disciplinary infractions at MASAC and has participated in several programs. He also contends that his 1970s murder conviction has been vacated, but the Department of Correction continues to consider that conviction as part of his criminal history, which results in a higher security classification. The classification board denied his request for reclassification. Its decision noted that Clark had refused to attend recommended programming and that it considered him to be a high risk for (among other things) violence and recidivism.

In September 2013, Clark appealed the board's denial. The appeal was denied.

Also in September 2013, Clark wrote to Spencer alleging that he was receiving inadequate medical care, that the facts underlying his classification were false, that his murder conviction should be expunged, that DeLeon had prevented his placement in another facility, and that he could not participate in programming—which might merit him a lower classification—because of his illiteracy and learning disabilities. He asserted denial of due process and equal protection and violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

On November 20, 2013, Clark filed a complaint in this Court. He contends that Spencer, Hallett, and DeLeon have been deliberately indifferent to his medical needs, which has shortened

his life expectancy. Although not entirely clear, it appears he is alleging a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment. He also alleges that defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, presumably for not housing him in a facility that could accommodate his HIV/AIDS-related condition and for not providing programming that accommodates his illiteracy and learning disabilities. He requests placement in a prison facility where he can be provided adequate medical treatment. He also seeks compensatory and punitive damages, liens on defendants' property and assets, appointment of counsel, and sanctions against state authorities for misappropriation of funds.

## II.    Analysis

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A.     **Section 1983**

Section 1983 is a vehicle for vindicating substantive rights conferred by the Constitution or laws of the United States that have been violated by persons acting under color of state law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Albright v. Oliver*, 510 U.S. 266, 315 (1994). Prison officials violate the Eighth and Fourteenth Amendments if they exhibit a "deliberate indifference" to a pretrial detainee's serious medical needs. *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161–62 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In order to succeed on a deliberate-indifference claim based on inadequate or delayed medical care, "a plaintiff must satisfy both a subjective and objective inquiry." *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir.2011) (quoting *Burrell v. Hampshire County*, 307 F.3d 1, 8 (1st Cir. 2002)). Subjectively, he must show "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." *Id.* Objectively, he must establish that the deprivation alleged was "sufficiently serious." *Id.* "The standard encompasses a 'narrow band of conduct': subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim; rather, the treatment provided must have been so inadequate as to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 497 (quoting *Feeney*, 464 F.3d at 162 and *Estelle*, 429 U.S. at 105-06).

The complaint fails to provide facts sufficient to state a claim under § 1983. It provides no details as to how the medical care is so inadequate that it rises to the level of a constitutional violation. Also, without more information, it does not appear that keeping plaintiff at MASAC rather than transferring him to another facility, as he would prefer, constitutes a violation his

constitutional rights.  Accordingly, the motions to dismiss the § 1983 claim will be granted.

      B.      **Americans with Disabilities Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The statute defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government," 42 U.S.C. § 12131(1), which includes state prisons.  *See Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998).

The complaint, however, does not contain sufficient allegations to establish an ADA violation.  It states vaguely that plaintiff cannot participate in some programs because of his learning disability and illiteracy, but without adequate detail and without any allegation that he was excluded because of his disability.  Accordingly, the motions to dismiss the ADA claim will be granted.

      C.      **Show Cause**

Where, as here, a motion to dismiss is asserted against a *pro se* litigant, any document filed by the pro se party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Plaintiff requested in the complaint that he be given an opportunity to amend, but he has not filed an amended complaint or a motion to amend the complaint.

However, plaintiff will nonetheless be granted an opportunity to show cause why his action should not be dismissed.

### III.  Conclusion

For the foregoing reasons,

(1) the defendants' motions to dismiss are GRANTED, and

(2) this matter shall be dismissed in its entirety unless plaintiff shows cause in writing, within 45 days of this order, why such dismissal is not appropriate.

**So ordered.**

                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
                                        United States District Judge

Dated:  March 10, 2014